UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:18-CR-6-KKC-1

UNITED STATES OF AMERICA,                          PLAINTIFF,

V.                      **RECOMMENDED DISPOSITION**

BRANDON PUCKETT,                          DEFENDANT.

The defendant, Brandon Puckett, appeared before the undersigned on November 30, 2021, for a final revocation hearing on charges of violating supervised release. At the final hearing, the defendant was present and represented by counsel. He expressed his desire to stipulate to the violations and, as a result, was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment. Then, in the presence of and with the advice of counsel, he admitted to violating the following conditions as charged below in a knowing, intelligent, and voluntary way:

**Violation #1**

> **Mandatory Condition No. 3: You must refrain from the unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.**
>
> Puckett admitted to the illegal use of methamphetamine and suboxone in the days prior to the urine drug test conducted on October 21, 2021, which was positive for methamphetamine and suboxone; and the urine drug test conducted on October 25, 2021, which was positive for methamphetamine. **This is a Grade C Violation.**

**Violation #2**

**Mandatory Condition No. 1**: **You must not commit another federal, state or local crime.**
**Mandatory Condition No. 2**: **You must not unlawfully possess a controlled substance.**

The probation officer received confirmed results for methamphetamine and suboxone from Alere Toxicology Services. Both are controlled substances, pursuant to the Controlled Substance Act. Due to the Sixth Circuit Court of Appeal's ruling that use is equivalent of possession, simple possession of methamphetamine and suboxone constitutes conduct in violation of the Kentucky Revised Statue 218A.1415, First Degree Possession of a Controlled Substance, a Class D Felony in the Commonwealth of Kentucky. At the final hearing on November 30, 2021, Puckett admitted to his actual physical possession of mehtamphetamine and suboxone. **This is a Grade B Violation.**

**Violation #3**

**Special Condition No. 1**: **You must abstain from abstain from the use of alcohol.**

On October 21, 2021, during a home visit, and during the final hearing on November 30, 2021, Puckett verbally admitted to drinking alcohol "Fireball".
**This is a Grade C Violation.**

**Violation #4**

**Mandatory Condition No. 1**: **You must not commit another federal, state or local crime.**

On October 9, 2021, Puckett was charged with Public Intoxication-Controlled Substance (Excludes Alcohol) in Martin County, Kentucky case #21-M-200. During the final hearing, Puckett admitted that more likely than not, he was publicly intoxicated on October 9, 2021, as charged in the violation report of November 10, 2021. **This is a Grade C Violation.**

## CONCLUSION

The facts upon which the Court recommends finding that the Defendant violated supervised release are established by his own admission, and therefore the violations have been proven by a preponderance of the evidence. The undersigned therefore RECOMMENDS that the

Defendant be found guilty of all violations as set out in this opinion.

Because Puckett specifically reserved his right of allocution before the presiding district judge, the matter will be called before Judge Karen Caldwell on **Monday, December 20, 2021 at the hour of 11:00 a.m. in the United States Courthouse, LEXINGTON**, for the purpose of allocution and sentencing.

Based upon the agreement of counsel in this action at the final hearing, specific objections to this Report and Recommendation must be filed within THREE BUSINESS DAYS from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed November 30, 2021.



Signed By:
*Edward B. Atkins* *EBA*
**United States Magistrate Judge**